*A. J. James, for appellant.*

---

F. B. VanMeter *v.* R. P. Pepper.

**Liability of Guarantor—Petition.**

To make out a cause of action against a guarantor it is necessary in the petition to aver, in addition to the facts by which he became bound for the default of the principal, facts showing such default.

**Recovery on Contract.**

To recover on an executory contract plaintiff must aver facts in his petition showing that he was ready and willing, on the day stipulated in the contract, to perform his part of it.

APPEAL FROM FRANKLIN CIRCUIT COURT.

September 25, 1875.

OPINION BY JUDGE COFER:

Pepper's only liability was that of a guarantor, and in order to make out a cause of action against him, it was necessary, in addition to the facts by which he became bound for the default of Duckworth, to allege facts showing such default. This was not done. Duckworth would only be liable in the event the appellant was ready and willing at the time and place of performance to deliver the cattle to him according to the terms of their contract, that is, at five cents per pound on a credit of fifteen days. It is not alleged that he was ready and willing on the day stipulated in the contract to perform his part of it. The only allegation on that point is in these words: "Plaintiff says that he kept said cattle until said 15th day of November, 1873, and that they then weighed 65,050 pounds," etc., and that "Duckworth failed and refused to receive said cattle on said 15th day of November," etc.

But if the petition had been good, the testimony of the appellant himself shows he had no right to recover. He says he was at home on his farm where the cattle were, on the 15th and 16th of November, and that he went away on the 17th, and left instructions with J. M. VanMeter that if Duckworth came, not to let him have the cattle unless he paid the money for them. He does not say that he was ready and willing to deliver the cattle on the 15th, but says that sometime prior to that date he received a letter from Duckworth saying he was afraid he would not be able to take the cattle, and would have to look up a purchaser for him to take the cattle. The evidence shows that Duckworth was then known to be seriously embarrassed, and we have no doubt but the failure to allege readiness on appellant's part to comply with his contract resulted from his unwillingness to make it, and not from inadvertence or mistake.

If the petition and evidence showed a breach of contract on the part of Duckworth, it would then be doubtful whether the appellee is not absolved from liability by appellant's failure to give him notice of the default of Duckworth, and that he would look to him for indemnity, but we need not now decide that question.

Judgment *affirmed.*

*T. N. & D. W. Lindsey,* for appellant.
*G. W. Craddock,* for appellee.